UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA M., | ) |
|        Plaintiff | ) |
| v. | )   No. 2:22-cv-00338-NT |
| KILOLO KIJAKAZI,<br>Acting Commissioner of<br>Social Security, | ) |
|        Defendant | ) |

**RECOMMENDED DISMISSAL OF CASE**

On November 1, 2022, the Plaintiff, proceeding pro se, filed a complaint against the Commissioner of Social Security appealing the denial of her applications for Social Security Disability and Supplemental Security Income benefits. *See* ECF No. 1. On January 3, 2023, the Commissioner filed her answer and transcript of administrative proceedings concerning the Plaintiff's applications, *see* ECF Nos. 16-17, and the Court issued a procedural order directing the Plaintiff to file a brief within thirty days of those filings, *see* ECF No. 19.

The Plaintiff did not file a brief by her deadline of February 2, 2023. On February 22, 2023, I issued an order noting that the Clerk's Office had emailed the Plaintiff on February 10, 2023, to inquire whether she intended to file a brief and that she had neither filed her brief nor responded to the Clerk's Office's email. *See* ECF No. 20. I therefore directed her to file a brief no later than March 13, 2023,

1

failing which I would recommend that her case be dismissed. *See id.* She filed no brief as of that deadline, nor has she done so to date.

Dismissal is warranted for the Plaintiff's failure to prosecute and to comply with this Court's orders and deadlines. *See, e.g.*, *Bloomquist v. Cloutier*, No. 2:16-cv-00337-DBH, 2017 WL 1393793, at *1-2 (D. Me. Mar. 30, 2017) (rec. dec.) (holding that dismissal was warranted for a plaintiff's failure to prosecute and to comply with multiple court orders), *aff'd*, 2017 WL 1389457 (D. Me. Apr. 18, 2017); *see also Diaz-Santos v. Dep't of Educ.*, 108 F. App'x 638, 640 (1st Cir. 2004) ("A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute."); *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 126 (D.D.C. 2015) ("[D]istrict courts may . . . sua sponte dismiss a complaint under [Fed. R. Civ. P.] 41(b) for failure to comply with a court order.").

Nonetheless, these circumstances do not warrant dismissal with prejudice. *See Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (noting that dismissal with prejudice is a severe sanction that is only "appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance" (cleaned up)); *Companion Health Servs. v. Kurtz*, 675 F.3d 75, 85 (1st Cir. 2012) (noting that courts must consider "significant and legitimate mitigating excuses" before imposing sanctions).

Accordingly, I recommend that the Court **DISMISS** this action without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 5, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge